United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Kingsway Technologies, LLC, et al.,                    NO. C 09-01436 JW

                    Plaintiffs,          **ORDER DISMISSING CASE FOR LACK**
        v.                               **OF SUBJECT MATTER JURISDICTION**

OCWEN Loan Servicing, LLC, et al.,

                    Defendants.
_____/

## I.  INTRODUCTION

Kingsway Technologies, LLC, Nathaniel Basola Sobayo, Olakunle Flash Ayodeji (collectively, "Plaintiffs") bring this action against Ocwen Loan Servicing, LLC ("Ocwen"), and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively, "Defendants"), alleging *inter alia*, various state law claims.  Plaintiffs allege that Defendants illegally interfered with and foreclosed on their property without giving Plaintiffs an opportunity to short sale their property.

Presently before the Court is Defendant Ocwen's Motion to Dismiss.  (hereafter, "Motion," Docket Item No. 16.)  The Court finds it appropriate to take the matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court DISMISSES this case for lack of subject matter jurisdiction.

## II.  BACKGROUND

**A.     Factual Allegations**

In a First Amended Complaint filed on August 4, 2009, Plaintiffs allege as follows:

On September 1, 2008, Plaintiff Ayodeji sold the property located at 3619 Desert Oak Drive, Palmdale, California, to Plaintiff Sobayo, who is a Chairman of the Board of Investors and Chief Executive Officer for Kingsway Technologies, LLC.  (First Amended Complaint

1    at 6, hereafter, "FAC," Docket Item No. 12.)  This transaction was recorded in the County of

2    Los Angeles, California on July 10, 2009.  (Id. at 6.)  The amount owed on the property at

3    the time of the sale of the property was estimated to be $800,000.00.  (Id.)  Plaintiff Ayodeji

4    was unable to pay the amount owed and executed a declaration stating as such in order to

5    negotiate a short sale with the true lenders.  (Id.)  To proceed with a short sale, Plaintiffs

6    executed the necessary disclosure documents and delivered them to Defendants.  (Id.)

7    Plaintiffs and Defendants entered into various oral and written agreements where the parties

8    agreed to resolve their dispute regarding the property.  (Id. at 5.)  On multiple occasions,

9    Plaintiffs have requested Defendants to provide an original promissory note to no avail.  (Id.

10   at 6, 7.)

11   On the basis of the allegations outlined above, Plaintiffs allege various state law claims.

12   **B.    Procedural History**

13   On April 1, 2009, Plaintiffs filed their original Complaint.  (Docket Item No. 1.)  On August

14   4, 2009, Plaintiffs filed their Amended Complaint.  (Docket Item No. 2.)  Both Complaints are

15   identical to the complaint filed by Plaintiffs in Nathaniel Sobayo, et al. v. Chase Home Finance LLC

16   et al., C 09-0615-JW ("First Action").  The First Action was originally filed in the Superior Court of

17   California, Santa Clara County but removed to this Court on February 11, 2009.  (Id.)  On October

18   21, 2009, the Court dismissed the First Action for failure to state a claim and for lack of subject

19   matter jurisdiction.  (See C 09-0615-JW, Docket Item No. 51.)  From the record, it appears that

20   Plaintiffs filed this identical case after their First Action was removed to this Court.

21   Presently before the Court is Defendant Ocwen's Motion to Dismiss.

22                              **III.  STANDARDS**

23   Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against

24   a defendant for failure to state a claim upon which relief may be granted against that defendant.

25   Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient

26   facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

27   (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

28                                      2

1   For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the

2   complaint to be true and draw all reasonable inferences in favor of the nonmoving party." <u>Usher v.</u>

3   <u>City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).  Any existing ambiguities must be resolved

4   in favor of the pleading.  <u>Walling v. Beverly Enters.</u>, 476 F.2d 393, 396 (9th Cir. 1973).

5   However, mere conclusions couched in factual allegations are not sufficient to state a cause

6   of action.  <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986); <u>see also</u> <u>McGlinchy v. Shell Chem. Co.</u>, 845

7   F.2d 802, 810 (9th Cir. 1988).  The complaint must plead "enough facts to state a claim for relief

8   that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is

9   plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

10   reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 129

11   S. Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory

12   'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a

13   claim entitling the plaintiff to relief."  <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009).

14   Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by

15   amendment.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).

16   ### IV.  DISCUSSION

17   Although Defendant Ocwen moves to dismiss the First Amended Complaint on various

18   grounds, in examining the Amended Complaint, the Court, *sua sponte,* raises the issue of its subject

19   matter jurisdiction.

20   **A.**   **Diversity Jurisdiction**

21   At issue is whether the Court has diversity jurisdiction.

22   Diversity jurisdiction requires complete diversity of citizenship and an amount in

23   controversy that exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Here, the

24   Amended Complaint alleges that Plaintiffs are all residents of California.  (FAC at 6.)  The

25   Amended Complaint also alleges that one of the Defendants, Cal-Western, is a corporation

26   incorporated in California.  (<u>Id.</u>)  Thus, it is clear that on the face of the Amended Complaint, the

27   Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

28

**United States District Court**
For the Northern District of California

**B.**    <u>Federal Question Jurisdiction</u>

At issue is whether the Court has federal question jurisdiction.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. 1331. To have subject matter jurisdiction pursuant to § 1331: (1) the claim must turn on an interpretation of the laws or Constitution of the United States; and (2) the claim must not be one that is "patently without merit." <u>Bell v. Hood</u>, 327 U.S. 678 (1946).

In this case, on the cover page of their First Amended Complaint, Plaintiffs list "violations of the Anti-Trust Acts; Sherman Act (1890), Clay Act (1914), And Robinson-Patman Act (1936) [sic]" as their federal claims and about 13 various state law claims. (FAC at 1.) However, other than the cover page, the body of the First Amended Complaint is mostly unintelligible and does not state any specific claims. For example, Plaintiffs allege in relevant part:

> Plaintiff, intends, to allege the following additional violations, after successfully retaining law firms and/or attorneys for proper and adequate legal representation. Plaintiffs intend to plead, inter alia, violations of the Anti-Trust Act, Sherman Act, Clay Act and Robinson-Patman Act [sic]. (FAC at 5.)

Based on the above speculative allegations and other unintelligible allegations throughout the Amended Complaint, even a liberal reading fails to yield any cognizable claim which would permit Plaintiffs' action to remain in this Court on the basis of federal question jurisdiction. Other than listing the titles of the various federal statutes, there are no federal claims actually alleged, nor are there facts to support any federal claims. (<u>See</u> FAC.) The only clear allegation presented in the Amended Complaint is that Plaintiffs intend to allege federal law violations once they retain counsel. (FAC at 4.) However, since the filing of this Complaint in April of 2009, there is no record showing that Plaintiffs have attempted to obtain counsel or attempted to allege cognizable claims on their own.

As with their First Action, beyond the naked legal conclusion that Plaintiffs' constitutional rights have been violated, Plaintiffs do not allege any facts whatsoever establishing the basis for their claim. Under the heightened pleading standard set forth by the Supreme Court recently in

4

1   <u>Twombly</u> and <u>Iqbal</u>, such a conclusion devoid of any factual basis cannot support a claim for relief.

2   <u>See also</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

3       Accordingly, the Court DISMISSES Plaintiffs' First Amended Complaint for lack of subject

4   matter jurisdiction without leave to amend.[1]

5   **C.      <u>Supplemental Jurisdiction</u>**

6       The issue becomes whether the Court should take supplemental jurisdiction over Plaintiffs'

7   state law claims, given that there are no viable federal claims.

8       A district court has discretion to "decline to exercise supplemental jurisdiction over a claim

9   . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28

10  U.S.C. § 1367(c).  "[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court

11  should consider and weigh in each case, and at every stage of the litigation, the values of judicial

12  economy, convenience, fairness, and comity.'"  <u>Thorn v. BAE Systems Hawaii Shipyards, Inc.</u>, 586

13  F. Supp. 2d 1213, 1225 (D. Haw. 2008) (citing <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S.

14  156, 173 (1997)).  The Supreme Court has stated, however, that "in the usual case in which all

15  federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining

16  to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon University v. Cohill</u>,

17  484 U.S. 343, 350 n.7 (1988); <u>see also</u> <u>Acri v. Varian Assoc., Inc.</u>, 114 F.3d 999, 1001 (9th Cir.

18  1997).

19      In an analogous Ninth Circuit district court case, the court declined to exercise supplemental

20  jurisdiction over state law claims which necessitated interpretation of state foreclosure statutes.

21  <u>Castro v. Executive Trustee Services, LLC</u>, 2009 WL 1459180 (D. Ariz. 2009).  In that case, the

22  court concluded that

23  _____

24      [1]  Leave to amend may be denied when "it is clear that amendment would be futile" and "the
    deficiencies of the complaint could not be cured by amendment."  <u>Cabo Distributing Co., Inc. V.</u>
25  <u>Brady</u>, 821 F. Supp. 601, 608 (N.D. Cal. 1992) (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th
    Cir. 1987); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000).  A court's discretion to
26  deny leave to amend "is particularly broad where the plaintiff has previously filed an amended
    complaint."  <u>Turner v. County of Los Angeles</u>, 2001 WL 1019976 (9th Cir. 2001).  Here, Plaintiffs
27  have already amended once.  In addition, as this case is identical to the First Action which the Court
    has recently dismissed on the same grounds, the Court finds that any amendment would be futile.

28                                      5

judicial economy, fairness, comity, the existence of novel issues under Arizona law . . ., and the necessity for a court to interpret . . . Arizona foreclosure statutes weigh heavily in favor of this Federal Court declining supplemental jurisdiction and deferring to the Arizona courts to address the remaining issues in this lawsuit. Remand at this time will, in the long term, reduce litigation costs and eliminate the need to certify novel state-law issues to the Arizona Supreme Court or speculate how the Arizona Supreme Court would rule on the issues.

Id. at *3.

Here, the identical analysis applies. Maintaining supplemental jurisdiction over this case would potentially require the Court to interpret state foreclosure law, a task which is better suited to a state court more familiar with the legal issues involved. Furthermore, the case is still in its earliest stages. Little, if any, discovery has been exchanged or conducted and no trial date has been set. Accordingly, the Court declines supplemental jurisdiction over Plaintiffs' state law claims.

## V.  CONCLUSION

The Court DISMISSES Plaintiffs' First Amended Complaint for lack of subject jurisdiction. The Court declines supplemental jurisdiction over Plaintiffs' remaining state law claims. Accordingly, the Court GRANTS Defendants' Motion to dismiss all remaining claims without prejudice to Plaintiffs' right to refile their non-federal claims in state court.

The Clerk shall close this file.

Dated:  October 28, 2009

_James Ware_

JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christopher James Donewald cdonewald@houser-law.com
Robin Prema Wright rwright@wrightlegal.net

Olakunle Flash Ayodeji
Kingsway Technologies, LLC
2111 University Avenue, Suite C
East Palo Alto, CA 94303

Nathaniel Basola Sobayo
Kingsway Technologies LLC
2111 University Avenue, Suite C
East Palo Alto, CA 94303

**Dated:  October 28, 2009**                                          **Richard W. Wieking, Clerk**


                                                                     **By:      /s/ JW Chambers**
                                                                          **Elizabeth Garcia**
                                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California